In his application for rehearing, the petitioner argues that we inadequately considered the mandates of our state constitution in holding that the exclusionary rule did not apply to probation revocation proceedings. We write to clarify our position on this issue.
The petitioner contends that the Constitution of Alabama requires that the exclusionary rule be applied in probation revocation proceedings, even if the Fourth Amendment of the Constitution of the United States does not. We disagree.
The petitioner places primary emphasis on section 5 of our state constitution, which provides:
 "That the people shall be secure in their persons, houses, papers, and possessions from unreasonable seizure or searches, and that no warrants shall issue to search any place or to seize any person or thing without probable cause, supported by oath or affirmation."
Ala. Const. of 1901, art. I, § 5. This declaration of the right to be free from unreasonable searches and seizures is clearly analogous to the right afforded under the Fourth Amendment of the Constitution of the United States, and it obviously protects similar, if not identical, interests. Accordingly, the analysis previously applied in regard to the federal right is equally valid when applied to the similar state right. Cf., Exparte Jackson, 516 So.2d 768 (Ala. 1986) (state equal protection provisions afford protection against racially motivated peremptory strikes similar to that afforded by the federal constitution).
We therefore hold that, absent egregious circumstances, our state constitution, like the federal constitution, does not require that the exclusionary rule be applied in probation revocation proceedings.
In reaching this conclusion, we do not mean to imply that there is, of necessity, a one-to-one correspondence between the protections afforded by our state constitution and those afforded by the federal constitution. To the contrary, it is well-recognized that rights under state constitutions, including rights very similar to those protected by the federal constitution, are sometimes regarded as being more extensive than their federal counterparts. See, e.g., Brennan, StateConstitutions and the Protection of Individual Rights, 90Harv.L.Rev. 489 (1977); Morgan, Fundamental State Rights: A NewBasis for Strict Scrutiny in Federal Equal Protection Review, 17 Ga.L.Rev. 77 (1982). We hold only that a similar analysis and result obtain under both the state and the federal constitution on the issues raised in this case.
OPINION EXTENDED; APPLICATION OVERRULED.
MADDOX, BEATTY and STEAGALL, JJ., concur.
JONES, SHORES and ADAMS, JJ., concur in result.
TORBERT, C.J., and ALMON, J., not sitting.